IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JODY WITTER,                           :
          Petitioner,              :
                                   :      1:13-CV-794
     v.                                :
                                   :      Hon. John E. Jones III
STEVEN GLUNT, *et al.*,                :
          Respondents.             :

## MEMORANDUM

June 11, 2014

On July 29, 2010, Petitioner, Jody Witter, an inmate confined at the State
Correctional Institution in Houtzdale, Pennsylvania, ("SCI-Houtzdale"), filed the
instant *pro se* petition for writ of habeas corpus.  (Doc. 1).  Petitioner challenges
his June 2009 criminal conviction in the York County Court of Common Pleas.
(*Id.*).  Respondents filed responses to the habeas petition and a supporting
memorandum.  (Docs. 10, 11, 16).  No traverse has been filed.  For the reasons
discussed below, the petition will be denied as time-barred pursuant to 28 U.S.C. §
2244(d).

## I.    BACKGROUND

The following background has been extracted from the Pennsylvania
Superior Court's November 30, 2011 Opinion, affirming the Post Conviction
Relief Act ("PCRA") court's order denying PCRA relief.  (Doc. 16-2,

Pennsylvania Superior Court Opinion dated November 30, 2011).

Procedurally, a criminal complaint was filed in this case on November 5, 2008, charging the Defendant with his involvement in a robbery, burglary and theft incident which occurred in Spring Garden Township at a residential facility owned by Shadowfox on November 2nd, 2008, shortly before 9:00 p.m. in the evening.

The charging documents indicated that two individuals forcibly entered the residential facility, which was for disabled residents with a house person in charge, and carried out the offenses, on the way sexually assaulting the house parent, taking a company-owned van used to transport the disabled residents and other properties, including small funds held or maintained by the various disabled residents.  The accomplices successfully fled and departed the scene of the offense.

A few days subsequent, the Defendant was found in the Philadelphia area in possession of the referenced stolen vehicle.  The hoody-type of sweatshirt was also found within the van.

The identity of the second person was not disclosed at that time. According to the investigating police officer in Philadelphia, Defendant in a statement acknowledged his involvement but declined or was unable to disclose the identity of the second person.

The Defendant, while we should note has at all times denied both at trial and continuing to today, denies making that inculpatory confession or admission to his own involvement.

Subsequently, the hoody sweatshirt was analyzed for DNA and no DNA linking the Defendant to the sweatshirt was determined. However, DNA from the sweatshirt did apparently come back positive for another individual, one Ervin Warfield Whitby, a/k/a Maurice Warfield Whitby.  Mr. Whitby was separately charged for his purported involvement in early September of 2009.

The Defendant proceeded to trial alone on May 12th through 14th, 2009, following which he was convicted of all offenses.  He was

2

subsequently sentenced on June 22, 2009, to an aggregate sentence of 16 to 32 years [of incarceration] and he is currently under that sentence.

Direct appeal followed, from which the judgment of sentence was affirmed by the Superior Court and requested Supreme Court review, recently denied.  This PCRA, as indicated, was filed pro se on November 29, 2010, and it is timely.

PCRA Court Order, 1/7/11, at 2-3.

The PCRA court held a hearing on January 7, 2011.  At the conclusion of the PCRA hearing, the PCRA court denied Appellant's petition for relief.  This timely appeal followed.

(Doc. 16-2, Pennsylvania Superior Court Opinion dated November 30, 2011).

As stated, the Pennsylvania Superior Court affirmed the PCRA court's order denying PCRA relief, and a timely petition for allowance of appeal was filed with the Pennsylvania Supreme Court, which was denied on April 4, 2012.

On March 27, 2013, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

## II.    DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period

3

shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review ...

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

As indicated above, section 2244(d)(2) operates to exclude the time within which "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending ...."  § 2244(d)(2).  Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A properly filed application for post conviction relief under § 2244(d)(2) is one

4

submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. *Jones*, 195 F.3d at 158.

After applying 28 U.S.C. § 2244(d)(1)(A) to determine when the statute of limitations within which to file a federal habeas petition began to run, it is concluded that the limitations period started the same day Petitioner's judgment became final, September 25, 2010. An examination of the procedural history establishes that the instant petition is time-barred.

Petitioner was convicted of robbery, burglary, criminal conspiracy, theft, and indecent assault, on May 14, 2009. *See Commonwealth v. Witter*, Docket No. CP-67-CR-0007704-2008 (York Cty. Ct. Com. Pl. filed December 15, 2008). On

June 22, 2009, he was sentenced to a term of imprisonment of sixteen (16) to thirty-two (32) years. (*Id.*). Petitioner filed a timely direct appeal to the Pennsylvania Superior Court on July 21, 2009. (*Id.*); *Commonwealth v. Witter*, No. 1307 MDA 2009 (Pa. Super. 2009). On August 26, 2010, the appellate court affirmed the judgment of sentence. *Witter*, No. 1307 MDA 2009. Petitioner did not seek review with the Pennsylvania Supreme Court; therefore, the judgment became final thirty (30) days later on September 25, 2010, and the one-year statute of limitations began to run. *See* 28 U.S.C. § 2244(d)(1)(A); Pa.R.App.P. 1113(a). *See also Swartz*, 204 F.3d 417 (the statutory period is tolled for thirty (30) days in which a defendant can seek allowance of appeal from the Pennsylvania Supreme Court, even if no allowance is sought).

On November 29, 2010, sixty-five (65) days after the one-year statute of limitations began, Petitioner filed a timely PCRA petition in the York County Court of Common Pleas, statutorily tolling the limitations period. *Witter*, CP-67-CR-0007704-2008. The petition was denied on January 7, 2011. (*Id.*). Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior Court on January 13, 2011, under docket number 126 MDA 2011. On November 30, 2011, the Pennsylvania Superior Court affirmed the order denying PCRA relief, and a timely petition for allowance of appeal was filed with the Pennsylvania

Supreme Court under docket number 953 MAL 2011.

The Pennsylvania Supreme Court denied the petition on April 4, 2012, and the limitations period to seek federal habeas relief started again. *See Stokes*, 247 F.3d at 542 ("[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."); *see also Carter v. Pennsylvania*, 2010 U.S. Dist. LEXIS 90755, *8 n.5 (M.D. Pa. 2010) (Caputo, J.).   Accordingly, Petitioner had three-hundred (300) days, or until approximately January 29, 2013, to file a petition for writ of habeas corpus in the district court.   He did not file the instant habeas petition until March 27, 2013, three-hundred fifty seven (357) days after the limitations period started again.   Therefore, the habeas petition is untimely.

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003), *cert. denied*, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).   However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Cooper v. Price*, 82 Fed. Appx. 258, 260 (3d Cir. 2003).   Moreover, the federal habeas statute

of limitations is subject to equitable tolling only in extraordinary circumstances. *See Merritt*, 326 F.3d at 161.

In *Merritt*, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." *Id.* (internal citations and quotations omitted). Mere excusable neglect is not sufficient. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Yanes v. Nish*, 2009 WL 1045884, *2 (M.D. Pa. 2009) (Caldwell, J.) (citing *Jones*, 195 F.3d at 159).

In the present matter, Petitioner does not argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant

8

federal petition for writ of habeas corpus.  Petitioner does not allege that he has

been actively misled by Respondents or the court, and the record reflects no basis

for the argument.  *See* (Docs. 1, 16).  Furthermore, it does not appear that

Petitioner's rights were prevented in an extraordinary manner, he fails to allege

that he exercised due diligence in investigating and bringing his claim, and he has

not alleged that he asserted his rights in the wrong forum.  *See* (Docs. 1, 16).  As

such, equitable tolling is inapplicable in this matter.

## III.   CERTIFICATE OF APPEALABILITY

This Court has considered whether a certificate of appealability ("COA")

should issue pursuant to 28 U.S.C. § 2253.  *See* U.S.C. Sec. 2254 Proc. R. 11.  The

United States Supreme Court holds that when a district court denies a petition on

procedural grounds, a COA should only issue when the petitioner shows that jurists

of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and whether the district court was correct in its

procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Cooper v.

United States*, 2010 U.S. Dist. LEXIS 69600, *25-26 (M.D. Pa. 2010) (Kane, J.)

(denying a certificate of appealability).  Considering the plain procedural bar in the

instant action, it is determined that Petitioner cannot make such a showing.  *See

Vogt v. Coleman*, 2010 WL 126155, *8 (W.D. Pa. 2010) (concluding that "jurists

of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability).  Therefore, these is no basis for the issuance of a certificate of appealability.

## IV.   CONCLUSION

Petitioner's judgment of conviction became final on September 25, 2010 and the one-year statute of limitations for him to file a federal habeas petition began. The time was statutorily tolled sixty-five (65) days later, on November 29, 2010, when Petitioner filed a timely PCRA petition in the York County Court of Common Pleas.  The petition was denied, the Pennsylvania Superior Court affirmed, and, on April 4, 2012, the Pennsylvania Supreme Court denied a petition for allowance of appeal, at which time the limitations period started again. Petitioner had until January 29, 2013 to seek habeas relief, but did not file the instant petition until March 27, 2013, approximately 422 days into the one-year statute of limitations period.  Accordingly, the habeas petition will be denied as time-barred.

A separate Order follows.

10