IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY D. WITTER, | No. 1:13-CV-00794 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| STEVEN GLUNT, | |
| Respondent. | |

## ORDER

### OCTOBER 30, 2023

In 2013, Petitioner Jody D. Witter filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Approximately 15 months later, the Court[2] dismissed Witter's Section 2254 petition as time-barred.[3] Following a thorough statute of limitations analysis, the Court determined that Witter had filed his petition 57 days late.[4] No basis for equitable tolling was asserted by Witter or independently found,[5] so the Court dismissed Witter's petition and denied a certificate of appealability.[6]

---

[1] Doc. 1.
[2] This case was previously assigned to the Honorable John E. Jones, III, who ruled on Witter's Section 2254 petition. *See generally* Docs. 18, 19.
[3] *See* Doc. 18 at 3-9.
[4] *See id.* at 7.
[5] *See id.* at 7-9.
[6] *See id.* at 9-10.

On June 25, 2014, Witter filed a two-page document labeled "Reply to Respondent[']s Response and Request for Relief under Extraordinary Circumstances, Pursuant to Rule 60(b) (Fed.R.CIV.PROC.)"[7] In that filing, Witter appeared to argue that, if "Saturdays, Sundays, and legal holidays" were not counted, his Section 2254 petition would not have been 65 days late (as Respondent had asserted), but instead would only have been 45 days late.[8] He also claimed that he was seeking relief for "mistakes; Inadvertence; excusable neglect; Newly discovered evidence; Fraud, Etc. i.e. misrepresentation 60(b)(3)."[9] No clarification was provided as to what basis Witter was actually asserting for Rule 60(b) relief beyond the 45-versus-65-days argument, nor did Witter proffer any facts or analysis.[10] Finally, Witter requested the following: "[I]f the court request[s] that a formal motion be filed Pursuant [sic] to rule 60(b) that the court will provide petitioner with the opportunity to so file."[11]

On July 14, 2014, the Court granted Witter's request to file a proper Rule 60(b) motion, giving him 14 days from the date of its Order to do so.[12] Within the allotted time, Witter filed another document labeled exactly the same as his previous filing.[13] The document was docketed—as labeled—as a "Reply," rather

---

[7] Doc. 20.
[8] *See id.* ¶¶ 3-4.
[9] *Id.* ¶ 5 (grammatical errors in original).
[10] *See id.*
[11] *Id.*
[12] *See* Doc. 21 at 2.
[13] Doc. 22.

2

than a motion under Rule 60(b).[14]  Notably, instead of being a new, "formal motion," the document is a verbatim copy of Witter's previous June 25, 2014 filing.[15]  It even includes the same request to be permitted to file a "formal motion" if required by the Court.[16]  Accordingly, no action was taken on Witter's July 23, 2014 filing (Doc. 22), likely because he had labeled it as a "reply" and not as a motion, and because it was a carbon copy of his previous filing rather than the formal Rule 60(b) motion that he had been directed to file.

Approximately one year later, Witter requested a copy of the docket sheet from the Clerk of Court, and a courtesy copy was mailed to him.[17]  On November 5, 2015, Witter filed a "Petition to Amend to [sic] Federal Habeas Corpus," which the Clerk of Court labeled as a motion to "Amend/Correct."[18]  In this motion, Witter appeared to try to improperly raise an additional habeas claim.[19]  That motion was deemed withdrawn when Witter did not file a supporting brief as required by the Local Rules of Court.[20]

Witter's case remained dormant for *five years* until he requested a copy of the docket sheet in January 2020, which again was provided to him.[21]  Two months

---

[14] *See id.* & docket annotation.
[15] *Compare* Doc. 20, *with* Doc. 22.
[16] *See* Doc. 22 ¶ 5.
[17] Doc. 23 & docket annotation.
[18] Doc. 25 & docket annotation.
[19] *See id.*
[20] *See* Doc. 26 (citing LOCAL RULE OF COURT 7.5).
[21] Doc. 27 & docket annotation.

3

later, Witter filed a letter with the Court.[22] In his March 2020 letter, Witter stated that it had "been almost 6 years" since he had filed his Rule 60(b) motion in July 2014 without receiving a ruling, and asked the Court to render a judgment on the motion.[23] No action appears to have been taken on this letter, likely because it was not an active motion and because no active Rule 60(b) motions appeared on the docket.

Over three years later, in a letter dated September 11, 2023,[24] Witter again sought an update on the status of the Rule 60(b) motion that he believed he had filed. In his letter, he asserted that he could not seek a certificate of appealability regarding the denial of his Section 2254 petition without the Court ruling on his (believed to be) pending Rule 60(b) motion.[25]

Following receipt of Witter's September 11, 2023 letter, this case was transferred to the undersigned. The Court will explain why Witter's Rule 60(b) motion is meritless.

First, Witter never properly filed a Rule 60(b) motion. After he sought leave from the Court to file such a motion and the Court granted him permission,[26] Witter simply refiled a carbon copy of his initial "Reply," which contained no

---

[22] Doc. 28.
[23] *See id.*
[24] Doc. 29.
[25] *See id.* at 2.
[26] *See* Doc. 21.

substantive argument as to why Rule 60(b) relief should be granted (other than simply quoting many of the reasons provided for relief in Federal Rule of Civil Procedure 60(b) itself).  Witter likewise failed to file a supporting brief, in violation of Local Rule of Court 7.5.  Thus, to the extent that Witter's July 23, 2014 filing at CM/ECF Document 22 can even be considered a "formal" Rule 60(b) motion, it should have been deemed withdrawn when he did not file the requisite supporting brief within 14 days of its filing.[27]

      Even if the Court were to reach the merits of Witter's "motion," it still plainly fails.  First, there was no timing calculation error in the Court's determination that Witter's Section 2254 statute of limitations had expired.  Saturdays, Sundays, and legal holidays are not counted in time calculations *only* when the "last day of a period" falls on a Saturday, Sunday, or legal holiday.[28]  Otherwise, those days count for determining filing deadlines and statutes of limitations.  Witter's Section 2254 petition was untimely, and he makes no valid argument for why it was not.  Witter does not even appear to argue that his petition would have been timely if those particular days were not counted; it would have just been less late.

---

[27]  *See* LOCAL RULE OF COURT 7.5.
[28]  *See* FED. R. CIV. P. 6(a)(1).

Second, Witter cursorily recites several of the bases for relief from judgment that appear in Federal Rule of Civil Procedure 60(b).[29] He does not explain how any of those provisions apply to his case or proffer any facts or law in support of his assertions. Witter, in fact, provides no Rule 60(b) analysis whatsoever. Accordingly, no relief could have been granted on Witter's barebones assertions of mistake, inadvertence, excusable neglect, newly discovered evidence, misrepresentation, or fraud. And no relief is due now, either. Witter has simply failed to offer any reason why Rule 60(b) relief from judgment should be granted in his case.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Witter's *pro se* motion (Doc. 22) for relief under Federal Rule of Civil Procedure 60(b)—to the extent that it can be construed as such—is **DENIED**.

2. A certificate of appealability shall not issue, as Witter has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[29] *See* Doc. 22 ¶ 5.